Ruffin, Judge.
 

 The acts 1774. (Reu.c.105.) and 1786,
 
 (JUev.
 
 c. 255, s. 2,) and all the subsequent statutes providing
 
 *424
 
 for a creditto sheriffs for insolvents, refer to an allowance to him of them in the first instance by the County Court. _ This was provided for by the two old statutes of 1760, c. 2, an(} 1768, c. 6. Down to this time, the sheriff passes his list of insolvents at the treasury, only upon the authority of the order of his County Court at home, specifying each insolvent, and the amount of the whole. The mischief intended to be remedied by the act of 1774, under which this action is brought, is that of the sheriff collecting, and putting in his private purse, monies which he had not paid, and was not liable to pay, into the treasury. Unless therefore an order be passed by the court which would exonerate the sheriff from accountability for these taxes, the case has not arisen in which he incurs a penalty for collecting them, because they remain due to the public. The order or judgment of the court, is the efficient protection both to him, and the taxables.
 

 The question is, how this judgment is to be proved. Courts of record speak only in their records. They preserve written memorials of their proceedings, which are exclusively the evidence of those proceedings. If they choose to keep minutes, which they understand and can act on to their own satisfaction, it is well. If from them, they can afterwards undertake to draw out the record to perpetuate it to their successors, or to communi-nicate its contents to another court, I know nothing to prevent them, but the difficulty in their own minds, of being sure they make it, what it was intended originally to be. But until the record be so framed, another court cannot know more than the words of the minutes in themselves import. The records may be identified by testimony, but their contents cannot be altered, nor their meaning explained by parol. The acts of .the court cannot thus be established. Here the testimony of the witness was indispensable to make out a case. H.nl he sent a transcript under the seal of his office of what was deposited there, nothing could have been made of it. It was necessary to prove that the list itself was in the hand writing of the defendant, to shew what it was, and
 
 *425
 
 to explain what “ allowed” meant. The objection taken to the evidence was a good one we think, and therefore, there must be a new trial.
 

 Per Curiam — Judgmeítt reversed.